UNITED STATES BANKRUPTCY COURT      <u>FOR PUBLICATION</u>
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

        PROMEDICUS HEALTH GROUP, LLP      Case No. 03-10102 K

Debtor
-----------------------------------------------------------------
Mark S. Wallach, as Trustee of Promedicus Health
Group, LLP
                Plaintiff
       -vs-                 AP No. 05-1021K

Gary Douglas, M.D.
Katherine O'Donnell, M.D.
Rexford L. Thomas, Jr., M.D.
Jeffrey Berndston, M.D.
Promedicus Health Group Savings and
Investment Plan c/o Mark S. Wallach, Esq.,
Trustee in Bankruptcy              <u>**OPINION AND ORDER**</u>
Promedicus Health Group, LLC c/o
Mark S. Wallach, Esq., Trustee in Bankruptcy
Fidelity Investments Institutional Operations
Company, Inc.
Fidelity Investments
Fidelity Management Trust Company

            Defendants
-----------------------------------------------------------------

K. Michael Sawicki, Esq., and Mark J. Schlant, Esq.
404 Cathedral Place, 298 Main Street
Buffalo, NY   14202

Attorneys for Plaintiff - Trustee


Ryan L. Gellman, Esq. and Paul G. Joyce, Esq.
Colucci & Gallaher, P.C.
424 Main St., Suite 2000
Buffalo, NY   14202

Attorneys for Gary Douglas, M.D., Rexford L. Thomas, Jr., M.D.
Katherine O'Donnell, M.D., Jeffrey Berndston, M.D.

The question before the Court is that of what definition of "insolvent" applies to a debtor that is a New York registered limited liability partnership.  The defendants argue that it is 11 U.S.C. § 101(32)(B) that applies, and more particularly subparagraph (ii) thereof, which requires that "the sum of the excess of the value of each general partner's non-partnership property" is to be added to the asset side.

The Plaintiff argues that it is 11 U.S.C. § 101(9)(A)(ii) that applies, which declares that the term "corporation" includes a "partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association," and consequently § 101(32)(B)(ii) is of no moment here.

At the core of this disagreement is the fact that the protection from personal liability afforded to the members of a registered limited liability partnership ("RLLP") in the State of New York does not extend to "any negligent or wrongful act or misconduct committed by [any partner, employee or agent of the RLLP] or by any person under his or her direct supervision and control while rendering professional services on behalf of such registered limited liability partnership."  New York Partnership Law § 26(c).  Thus the Defendants argue that New York Law does not make "only the capital subscribed responsible for the debts of such association."  Instead, they argue, New York Partnership Law § 2 states that a "'registered limited liability partnership' means a partnership without limited partners operating under an agreement governed by the laws of this state, registered under § 121-1500 of this Chapter and complying with § 121-1501 of this Chapter."  And in their brief, Defendants argue that "contrary

to the wishful thinking of the Plaintiff, a 'partnership without limited partners' can only consist of general partners, clearly putting [the debtor]" within the purview of § 101(32)(B)(ii). Defendants' Sur-reply Memorandum of Law page 5.

For his part, the Trustee argues as follows: "Defendant seizes upon the fact the partners of a limited liability partnership are members of a 'general partnership' under New York Partnership Law, but labeling such partners as 'general partners' does not further the analysis." Citing other relevant State Law, the Trustee argues "the liability of the partners of a registered limited liability partnership is, as the name would imply, limited. It would be irrational to contend that a limited liability partnership is solvent, even though the net assets which make it so are beyond the reach of creditors." Plaintiff's Reply Memorandum pages 14, 15.

Addressing limited liability partnerships, Collier states "these entities are partnerships with at least some degree of limited liability protection, such as protection against claims of professional negligence against other partners. The protection varies depending upon State Law, which in some jurisdictions gives protection to partners similar to that of corporate shareholders. The degree of protection from liability will determine whether the entity is a corporation under the definition in § 101. If the protection is more like that given to corporate shareholders, the entity is more likely to be found to meet the Code's definition of 'corporation.' If the protection is more limited, the entity is likely to be found to be a partnership under § 101." 2 Collier on Bankruptcy 5th Ed. ¶ 101.09.

However difficult the question may be in a different state,[1] it is not difficult at all

---

[1]See, for example, *In re Labrum & Doak, LLP*, 227 B.R. 383 (E.D. Pa., 1998).

under the New York Statutes.

It is simply incorrect to think of the "universe" of partnerships in the State of New York as consisting only of general partnerships and limited partnerships.  Consequently, it is incorrect to think of the universe of partners as being only general partners and limited partners.  Rather, it has been stated that "effective October 1, 1994, Article 8-B [§§ 121-1500 to 121-1503] was added to the Partnership Law to permit a general partnership engaged in professional service activities in New York *to become a Registered Limited Liability Partnership*."  Rich, Bruce A., Practice Commentary to Article 8-B, 38 McKinney's Consolidated Laws of New York Annotated, introduction to § 121-1500. [Emphasis added]

This Court emphasizes the words "to become."  Indeed, examining § 121-1500, the operative language is found to be this: "a partnership without limited partners each of whose partners is a professional authorized by law to render a professional service within this state and who is or has been engaged in the practice of such profession in such partnership or a predecessor entity, or will engage in the practice of such profession in the registered limited liability partnership within thirty days of the date of the effectiveness of the registration provided for in this subdivision  . . . *may register as a registered limited liability partnership* by filing with the Department of State a registration which shall" provide specific required information.  After that language, Article 8-B uniformly refers to such a registered entity as a "registered limited liability partnership," not as a "general partnership," or even as a "partnership that has no limited partners.'  Therefore, the universe of types of partner in New York, consists of general partners, limited partners, and partners in a registered limited liability partnership.

The Defendants here being of the last type, § 101(32)(B)(ii) cannot avail them, because that calls only for the addition of the personal assets of each "general partner."

Furthermore, even if the statutory language were not so clear, this Court would reach the same conclusion were it to examine only the test offered by the above-cited language from Collier on Bankruptcy.  Turning again to the practice commentary by Bruce Rich, we find the following: "LLP Statutes in other states vary from the New York Statute [as] to limitations on liabilities of partners for contractual and tort obligations of their partners and to mandated insurance and financial requirements on the RLLP.  A multi-state professional partnership should consider which of the states in which it has offices has the most favorable LLP provisions as well as the most favorable general partnership law provisions when selecting or changing its state of formation . . . The amended New York law differs from the provisions in most other jurisdictions which since 1991 enacted legislation authorizing limited liability partnerships, in that under New York Law (1) only a professional service general partnership may elect such status and (2) the 'liability shield' of a partner protects him not only for negligence, wrongful acts or misconduct of another partner and employees or agents of the partnership, but also for all other debts and liabilities of the partnership."

Hence, the Court concludes that under the language of the pertinent new York statute, the partnership definition of insolvency does apply, but that there are no "general partners" in a registered LLP.  And alternatively, examining the substance of the protection that New York has given to partners in an RLLP, leads the Court to conclude that the corporate definition would apply, to identical effect.

The Court will address other aspects of the Trustee's Rule 56 Motion in a separate

decision, filed herewith.

SO ORDERED.

Dated:          Buffalo, New York
                October 14, 2009

                                              s/Michael J. Kaplan


                                 _____

                                              U.S.B.J.